IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
EL DORADO DIVISION

UNDREA M. SINGLETON                                                                    PETITIONER

VS.                                           CASE NO. 04-CV-1095

LARRY NORRIS, Director
Arkansas Department of Correction                                                      RESPONDENT

## ORDER

Before the Court is the Report and Recommendation filed on January 14, 2005, by the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. (Doc. No. 13). Petitioner Undrea M. Singleton filed objections to the Report and Recommendation on January 27, 2005. (Doc. No. 14).

### BACKGROUND

The Petitioner, Undrea M. Singleton, was convicted by an Ashley County jury of first degree battery and aggravated assault. He also plead guilty to the charge of being a felon in possession of a firearm. Singleton was sentenced to 30 years in prison on the battery conviction and 12 years' imprisonment on the aggravated assault conviction. The sentences are to run consecutively. On the felon in possession of a firearm conviction, Singleton was sentenced to a term of 30 years, to run concurrent with the other two sentences. Singleton appealed his first degree battery conviction to the Arkansas Court of Appeals. On January 29, 2003, the Court of Appeals affirmed the conviction and sentence. *Singleton v. State,* 2003 WL 193476 (Ark. App. Jan. 29, 2003). The appellate mandate was issued on February 19, 2003. On April 22, 2003,

Singleton filed a petition for post-conviction relief in the Circuit Court of Ashley County pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. The petition was denied as untimely. Singleton appealed this decision to the Arkansas Court of Appeals. The Court of Appeals dismissed the appeal holding that Singleton's Rule 37 petition filed in the trial court was untimely, thus, he was procedurally barred from proceeding under the rule. *Singleton v. State,* 2004 WL 65266 (Ark. App. Jan. 15, 2004). Singleton filed this writ of habeas corpus on August 31, 2004. The matter was referred to the Honorable Bobby E. Shepherd, United States Magistrate Judge for the Western District of Arkansas. Judge Shepherd issued a Report and Recommendation on January 14, 2005. Judge Shepherd finds that Singleton's current claims are barred by the one-year limitation period provided by 28 U.S.C. § 2244(d). Therefore, he recommends that Singleton's petition be denied and dismissed as untimely. Singleton objected to the Magistrate's findings and recommendation. The matter is now before this Court for review.

## DISCUSSION

Pursuant to 28 U.S.C. § 636(b)(1), the judge of the Court shall conduct a *de novo* review of the findings of the magistrate which are objected to and accept, reject, or modify the magistrate's findings and recommendations. After reviewing the record in this case *de novo*, the Court hereby adopts the Magistrate's Report and Recommendation as its own.

Pursuant to 28 U.S.C. § 2244(d)(1), a one-year limitation period shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a state court conviction. This one-year limitation period begins to run on the date when the judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such

review. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final at the conclusion of all direct appeals in the state system followed by the expiration of the time allotted for filing a petition for a writ of certiorari. *Williams v. Bruton,* 299 F.3d 981, 982 (8th Cir. 2002)(quoting *Smith v. Bowersox,* 159 F.3d 345, 348 (8th Cir. 1998)). By Supreme Court rule, a petitioner has ninety days from the date of entry of judgment in a state court of last resort to petition for a writ of certiorari. *Sup.Ct.R. 13.*

In this case, Singleton's judgment became final on January 19, 2003, when the Arkansas Court of Appeals affirmed his conviction and sentence. Singleton had ninety days from that date, or until April 19, 2003, to petition the United States Supreme Court for a writ of certiorari. He did not file such a petition. Singleton had one year from April 19, 2003, or until April 19, 2004, to file his federal habeas petition in this Court. He did not file the pending petition until August 31, 2004, well after the limitations period had run. Therefore, Singleton's pending writ of habeas corpus is untimely and should be dismissed unless there was an equitable tolling of the limitations period.

If a petitioner properly files an application for state post-conviction relief or other collateral review the time during which the application is pending shall not be counted toward the period of limitations. 28 U.S.C. § 2244(d)(2). In this case, Singleton filed a petition for post-conviction relief in the Circuit Court of Ashley County on April 22, 2003. The petition was dismissed as untimely because it was filed 62 days after the mandate was issued by the Arkansas Court of Appeals.[1] Since Singleton's Rule 37 petition was filed outside the sixty day limitation

---

[1] Pursuant to Rule 37.2 of the Arkansas Rules of Criminal Procedure, "[i]f an appeal was taken of the judgment of conviction, a petition claiming relief under this rule must be filed in the circuit court within sixty (60) days of the date the mandate was issued by the

period it can not be considered a "properly filed application for state post-conviction relief" under §2244(d)(2). *See Wright v. Norris,* 299 F.3d 926 (8th Cir. 2002). Therefore, the one-year limitation period to file a federal habeas petition in this Court was not tolled and Singleton's pending habeas petition is untimely.

Singleton argues that his case parallels that of *Ivy v. Caspari,* 173 F.3d 1136 (8th Cir. 1999). He contends that, like in *Ivy,* an "external factor" impeded his compliance with state procedural requirements. However, the ruling in *Ivy* was in the context of whether there was good cause for the petitioner's failure to exhaust state remedies. If a petitioner has not presented his claims to the state courts in a procedurally correct manner, a habeas court may not consider them, unless he establishes cause for the default and resulting prejudice or he establishes failure to consider the claims would result in a miscarriage of justice because he is actually innocent. *Murray v. Carrier,* 477 U.S. 478, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986). Here, the question is not whether interference from state officials made compliance with the filing deadline impractical, thereby, causing Singleton to procedurally default the claims raised in his habeas petition. Rather, the question before the Court is whether the Rule 37 petition in state court was timely filed, thereby tolling the running of the limitation period for Singleton's federal habeas petition. *Ivy* is not binding upon a state court's interpretation and application of its own post-conviction relief time deadline. *See Daniels v. State,* 31 S.W.3d 121, 123 (Mo.App. 2000).

Under Arkansas law, a petition for post-conviction relief must be filed in the circuit court within 60 days of the date the mandate is issued by the appellate court. Ark.R.Crim.P. 37.2. The courts have held the Rule's language to be clear and unambiguous. The petition must be

---

appellate court."

filed *in the circuit court* within 60 days of the mandate being issued. (emphasis added). The fact that Singleton placed his Rule 37 petition in the prison mailing system on April 15, 2003, six days before the April 21, 2003 deadline, does not make the filing timely. Arkansas does not recognize the "mailbox" rule. *Hamel v. State,* 338 Ark. 769, 1 S.W.3d 434 (1999). Singleton's petition was not filed in the circuit court until April 22, 2003, one day after the limitations period had run. Therefore, his Rule 37 petition was not properly filed in state court and the one-year limitation period under § 2244(d) was not tolled. Singleton's federal habeas petition should have been filed in this Court no later than April 19, 2004. He did not file his petition until August 31, 2004, some four months after the filing deadline. Singleton's habeas petition is barred by the limitations provision contained in 28 U.S.C § 2244(d)(1). Because Singleton's petition is barred by limitations, the Court can not reach the question raised in *Ivy*–whether there was good cause for the procedural default in state court of the claims raised in the petitioner's habeas petition.

In accordance with the above, the Court adopts the Magistrate Judge's Report and Recommendation *in toto*. The Court finds that Petitioner Undrea M. Singleton's petition for writ of habeas corpus is without merit as all of his claims are barred by the limitations provision contained in 28 U.S.C. § 2244(d)(1). Therefore, the pending petition should be and hereby is **denied and dismissed** with prejudice.

IT IS SO ORDERED, this 14th day of November, 2005.

/s/Harry F. Barnes
Hon. Harry F. Barnes
United States District Judge